IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JESSICA OLINICK, as parent of C.O., a minor, and DAVID FARENCE, <br>     Plaintiffs <br><br> v. <br><br> REMINGTON OUTDOOR COMPANY, INC., et al., <br>     Defendants | No. 1:20-cv-01164 <br><br> (Judge Kane) |

## ORDER

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS**:

On December 1, 2018, a bullet from Plaintiff David Farence ("Farence")'s rifle struck and seriously injured, C.O., his minor grandchild. (Doc. No. 1.) Plaintiff Jessica Olinick ("Olinick"), as C.O.'s parent, and Farence (collectively, "Plaintiffs") commenced this action in July 2020, alleging that the rifle discharged on its own, "without a trigger pull," due to a design, manufacturing, or other defect. (Id. ¶ 22.) In their amended complaint, Plaintiffs assert four causes of action—for strict products liability, negligence, punitive damages, and, as to Farence only, negligent infliction of emotional distress—against Defendants Remington Arms Company, LLC, Remington Outdoor Company, Inc., (collectively, the "Remington Defendants") Sporting Goods Properties, Inc., and E.I. du Pont de Nemours & Company (collectively, "Defendants").[1] (Doc. No. 16.) Presently before the Court is Defendants' motion to sever Olinick's claims from Farence's in order to assert a contribution claim against Farence. (Doc. No. 20.) Assuming the Court grants a severance, Defendants also seek leave to file a third-party complaint against Farence in the severed action of Olinick under the above-captioned docket number. (Id. at 2-3.)

---

[1] The case was stayed from July 2020 to May 2021 pending resolution of the Remington Defendants' bankruptcy proceedings. (Doc. Nos. 7, 15.)

Having been fully briefed (Doc. Nos. 21-24), Defendants' motion is ripe for disposition. For the reasons that follow, the Court will grant Defendants' motion (Doc. No. 20), direct the Clerk of Court to sever Olinick's claims from Farence's and establish a new docket number for Farence's action against Defendants, and permit Defendants to file a third-party complaint against Farence in Olinick's action against Defendants.

As an initial matter, the Court notes that Defendants cannot assert a claim for contribution against Farence in this action. As numerous courts have noted, neither Rule 13 nor Rule 14 of the Federal Rules of Civil Procedure permit the assertion of such a claim under these circumstances.[2] See, e.g., Cobb v. Nye, No. 4:14-cv-0865, 2015 WL 3702515, at *2 (M.D. Pa. June 12, 2015) (noting that Rules 13 and 14 do not permit the filing of a cross or counterclaim for contribution). Defendants may only file a crossclaim "against a coparty," which Farence is not, see Fed. R. Civ. P. 13(g), and Defendants can only assert a counterclaim for contribution when "there is a final adjudication of [Defendants'] liability and [Defendants] ha[ve] paid more than [their] pro rata share of the judgment," see Barnes v. Maumee Express, Inc., No. 01-cv-5766, 2003 WL 21659176, *1 (E.D. Pa. Jan. 27, 2003) (citing Fed. R. Civ. P. 13(e)). Rule 14, for its part, "only allows a defendant to join" as a third-party defendant "a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him." See Slavics v. Wood, 36 F.R.D. 47, 47 (E.D. Pa. 1964) (internal quotation marks omitted). Because

---

[2] Subdivision (g) of Rule 13 permits a "party to file a supplemental pleading asserting a counterclaim that matured or was acquired by the party after serving an earlier pleading." See Fed. R. Civ. P. 13(g). Subdivision (e) of Rule 13 permits parties to assert as a crossclaim "any claim by one party against a coparty," provided certain requirements are met. See id. at 13(e). "The crossclaim may include a claim that the coparty is or may be liable to the crossclaimant for all or part of a claim asserted in the action against the crossclaimant." Id. Rule 14(a), in turn, permits a defendant, "as third-party plaintiff, [to] serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." See id. at 14(a).

Farence "is already a party to th[is] action," he "cannot be a third[-]party defendant under Rule 14(a)." See Henz v. Superior Trucking Co., 96 F.R.D. 219, 220 (M.D. Pa. 1982).

The "combined effect of Rule 14(a) and Rule 13 is to prevent the adjudication of [Defendants'] claim for contribution in conjunction with the main case as it is presently constituted." See id.  Defendants are therefore "in an impossible position, whereby they would have to wait until a final determination of liability in order to recover on their claim for indemnification and/or contribution, which would necessarily entail the initiation of an additional lawsuit." See Cobb, 2015 WL 3702515, at *2.  Nevertheless, courts generally hold that "[s]everance of a plaintiff and joinder of him as a third[-]party defendant pursuant to [Rules] 21 and 14(a) is the proper method of asserting a contemporaneous claim for contribution against a plaintiff."  See Tate v. Rowen, No. 88-cv-2822, 1989 WL 851, at *1 (E.D. Pa. Jan. 5, 1989) (citing Stahl v. Ohio River Co., 424 F.2d 52 (3d Cir. 1970)); see also Barnes, 2003 WL 21659176, *1; Slavics, 36 F.R.D. at 47 (noting that "[t]he proper method of joining a co-party as a third-party defendant under the Federal Rules" is a severance of the claim against the co-party under Rule 21).

Plaintiffs do not dispute that Defendants are procedurally barred from asserting a contribution claim against Farence as part of this action.  Rather, they assert that "Defendants can wait to file an action against Farence for contribution until after the trial in this case when the possible contribution claim would be ripe." (Doc. No. 27 at 9.)  Plaintiffs submit that "[k]eeping the Plaintiffs' claims together through at least discovery would allow facts to be discovered and for dispositive motions to be filed on this issue before determining if it warrants separate trials and all the additional time and resources two trials would entail." (Id. at 8-9 (citing Russell v. Chesapeake Appalachia, L.L.C., 305 F.R.D. 78, 81 (M.D. Pa. 2015) (denying without prejudice a

motion for severance, which the defendant had filed before the Court held a case management conference, "[g]iven the liberal policies favoring joinder of parties absent disproportionate prejudice and the Court's ability to sever parties or claims at any time")).) According to Plaintiffs, severance of Farence's claims "would not promote the expeditious resolution of litigation and would cause inconvenience and prejudice to Plaintiffs." (Id. at 10.)

Defendants, in response, maintain that adoption of Plaintiffs' position would "result in the duplicative and unnecessary litigation Plaintiffs claim they seek to avoid." (Doc. No. 28 at 4 (citing Sporia v. Pennsylvania Greyhound Lines, 143 F.2d 105, 107 (3d Cir. 1944) (reversing the district court's denial of the defendant's motion to sever, in an automobile negligence case brought by the passenger and driver of a vehicle against a bus company, to enable the defendant-bus company to file a third-party contribution claim against one of the plaintiffs)).) Defendants note that in Sporia, the United States Court of Appeals for the Third Circuit concluded that "[e]ssential justice, and the proper determination of the rights and liabilities . . . of all the[] parties . . . would seem [] to demand the granting of the severance sought by [the defendant]." See 143 F.2d at 107. The Third Circuit also held that "all the so-called equities favor[ed] a severance," which would "work[] no injustice upon any of the parties . . . ." See id.

Defendants further assert that if severance is granted, they will "move to consolidate the severed actions under Fed. R. Civ. P. 42(a) for purposes of discovery and a single trial establishing all the parties' rights and liabilities . . . ." (Doc. No. 28 at 6-7 (citing Sporia, 143 F.2d at 108 (noting that, following the district court's grant of a severance upon remand, "nothing in th[e] [court's] opinion shall be deemed to prevent a consolidation of the two separate claims for trial, if the [d]istrict [c]ourt should, in its discretion, deem such a procedure advisable in the premise")).) Rule 42(a) provides as follows:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

See Fed. R. Civ. P. 42(a).  The consolidation of claims that are severable under Rules 21 and 14 "is an appropriate procedure [for a defendant to] pursue a counterclaim for contribution or indemnification."  See Frankenfield v. Guardian Life Ins. Co., No. 90-cv-6928, 1991 WL 257084, at *1 (E.D. Pa. Nov. 26, 1991).

Having considered the parties' arguments and the applicable law, the Court concludes that severance is appropriate here.[3]  "Such a severance is proper in order to protect [Defendants] from being deprived of the procedural right of joinder to which [they] would be entitled had [Farence] not joined [in this action] as a co-plaintiff."  See Sporia, 143 F.2d at 107.  Regarding Plaintiffs' argument that severance will lead to duplicate discovery and unnecessary litigation, Rule 42(a) provides a remedy in the form of consolidation, which would obviate Plaintiffs' concerns over duplicative discovery.  At the very least, the Court may consolidate the severed actions for the limited "purposes of discovery and pre-trial management . . . to accomplish the goal of judicial economy envisioned by Rule 42."  See Mendoza v. Electrolux Home Prod., Inc., No. 4:15-cv-00371, 2018 WL 3973184, at *5 (M.D. Pa. Aug. 20, 2018); see also Julabo USA, Inc. v. Juchheim, No. 5:19-cv-01412, 2020 WL 4372138, at *4 (E.D. Pa. Feb. 4, 2020) (stating that, "[a]fter discovery closes in this matter, any party may move for separate trials pursuant to [Rule] 42(b)").  Moreover, the parties can "file [] appropriate stipulations and orders to assist in

---

[3] As Defendants observe, "under Pennsylvania law, a defendant who may be liable to a plaintiff on a strict liability theory would be entitled to contribution from additional defendants who may be found negligent, particularly when the alleged negligent defendant is a purchaser or user of a product which is later determined to be defective."  See Pitcavage v. Mastercraft Boat Co., 632 F. Supp. 842, 847 (M.D. Pa. 1985).

the future management of this case." See Henz, 96 F.R.D. at 221. At bottom, the Court simply "finds no impairment to the granting of the severance sought by the defendant." See id. Indeed, if the Court were to deny severance, Defendants would, if a contribution claim is appropriate, be required to commence a separate action, which would consume judicial resources and prolong the resolution of all the potential claims in this action.

Given its conclusion that severance is warranted, the Court must address Defendants' request for leave to file a third-party complaint against Farence under the above-captioned docket number, i.e., in Olinick's severed case against Defendants. A motion "for leave to join a third-party defendant" pursuant to Rule 14(a) must "be made within three (3) months after an order has been entered setting the case for trial, or within six (6) months after the date of service of the moving defendant's answer to the complaint, whichever shall first occur." See Local Rule 14.1. Defendants filed their answer to Plaintiffs' amended complaint on June 7, 2021, and on the same day filed the instant motion. (Doc. Nos. 19-20.) Defendants' request for leave to file a third-party complaint is therefore timely. Moreover, Defendants allege that Farence "is or may be liable to [Defendants] for all or part of [Olinick's] claim[s] against [them]," see Pitcavage v. Mastercraft Boat Co., 632 F. Supp. 842, 845 (M.D. Pa. 1985) (citing Fed. R. Civ. P. 14(a)), thus providing an adequate basis to permit leave to file a third-party complaint against Farence. Accordingly, the Court will grant Defendants leave to file a third-party complaint against Farence in Olinick's severed action under the above-captioned docket number.

**ACCORDINGLY**, on this 29th day of July 2021, upon consideration of Defendants' motion for an order severing Plaintiff Jessica Olinick's claims against Defendants from Plaintiff David Farence's claims against Defendants and for leave to file a third-party complaint against Farence (Doc. No. 20), **IT IS ORDERED THAT**:

1. Defendants' motion to sever and for leave to file a third-party complaint against Plaintiff David Farence under the above-captioned docket number (Doc. No. 20) is **GRANTED**;

2. Plaintiff David Farence's claims against Defendants are **SEVERED**, and the Clerk of Court is directed to establish a new docket number for the resulting case, to docket this Order as the first entry in the newly created case, and to attach all documents filed in this case up to the date of this order to that first docket entry; and

3. Defendants may file and serve a third-party complaint against Plaintiff David Farence under the above-captioned docket number within seven (7) days of the date of this Order.

s/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania
